**FILED  
CLERK**

9/21/2012 10:57 am

**U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER, and all others
similarly situated,

                Plaintiffs,
                                    ORDER
        -against-                   12-CV-4378(JS)(WDW)

ALFRED E. SMITH, New York State
Commissioner of Corrections,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Daniel Miller, Pro Se
                    12003565
                    Nassau County Correctional Center
                    100 Carman Ave.
                    East Meadow, NY 11554

For Defendant:      No appearance
```

SEYBERT, District Judge:

Incarcerated _pro se_ plaintiff Daniel Miller ("Plaintiff")[1] filed a Complaint in this Court on August 27, 2012

---

[1] Plaintiff is no stranger to this Court. Between 2000 and his filing of the instant case on August 27, 2012, Plaintiff has filed seventeen (17) _in forma pauperis_ civil actions, almost all of which have been dismissed: Miller v. U.S., 00-CV-3088 (CBA) (withdrawn); Miller v. County of Nassau, 00-CV-6124(JS)(WDW) (dismissed for failure to state a claim upon which relief may be granted); Crosby v. Walsh, 03-CV-4897(ARR) (dismissed _in forma pauperis_ complaint filed by four inmates, including Miller, for failure to state a claim); Miller v. Reilly, 05-CV-0611 (JS) (WDW) (settled); Miller v. County of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Reilly, 06-CV-3727(ADS) (settled); Miller v. Reily, 06-CV-6485(JS) (withdrawn); Miller v. Zerillo, 07-CV-1687(JS)(WDW)(dismissed as moot and unexhausted under the PLRA); Miller v. Zerillo, 07-CV-1719(JS) (dismissed as moot and unexhausted under the PLRA); Miller v. Lindsay, 07-CV-2556(JS) (dismissed as moot); Miller v. Alexander, 07-CV-3533(JS) (dismissed as moot); Miller v. Reilly, 08-CV-1863 (TCP)(dismissed as unexhausted and moot); In re Daniel Miller, 12-MC-0512(JBW)

pursuant to 42 U.S.C. § 1983 ("Section 1983") against the defendants, accompanied by an application to proceed in forma pauperis. Plaintiff purports to bring his Complaint as a class action, the proposed class being comprised of "any and all current and former inmates confined in the NCCC in East Meadow, New York, from in or about November 1998 up to and including the date of this Complaint." Compl. at 2.

Because Plaintiff has had "three strikes" pursuant to 28 U.S.C. § 1915(g), and has not alleged that he is "under imminent danger of serious physical injury," his application to proceed in forma pauperis is denied. **Plaintiff is directed to pay the $350.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.** Moreover, because Plaintiff is proceeding pro se he cannot represent anyone other than himself. See, e.g., Moore v. T-Mobile USA, No. 10-CV-0527 (SLT)(CLP), 2011 WL 609818, *6 (E.D.N.Y. Feb. 15, 2011)

---

(case closed by Order dated August 6, 2012 and Plaintiff's submission concerning "Terrorist Acts" was forwarded to the U.S. Marshal); Miller v. Spizatto, 12-CV-2511 (JS) (dismissed unexhausted § 2241 petition claiming excessive bail); Miller v. County of Nassau, 12-CV-4164 (JS)(WDW); Miller v. Smith, 12-CV-4378 (JS)(WDW); Miller v. County of Nassau, 12-CV-4466(JS)(WDW). Moreover, since the filing of the instant action, Plaintiff has filed three (3) more in forma pauperis complaints: Miller v. County of Nassau, 12-CV-4430(JS)(WDW); Miller v. County of Nassau, 12-CV-4549(JS)(WDW) and Miller v. County of Nassau, 12-CV-4550 (JS)(WDW).

("[Plaintiff] cannot convert this action to a class action because he is proceeding pro se, and a pro se litigant cannot represent anyone other than himself or herself.") (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)). Accordingly, his request for class certification is denied at this time.

DISCUSSION

28 U.S.C. § 1915(g) bars prisoners from proceeding in forma pauperis after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has at least five disqualifying actions.[2]

---

[2] Consistent with the Second Circuit's instruction, the Court has relied on the docket reports for the cases that pre-date electronic case filing ("ECF") to conclude that each of the prior dismissals are "strikes" in accordance with § 1915(g)'s criteria. See Harris v. City of New York, 607 F.3d 18, 23-24 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts, however, suggests that courts have an affirmative obligation to

See Miller v. County of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Carpinello, 06-CV-12940 (LAP), 2007 WL 4207282 (S.D.N.Y. Nov. 20, 2007) (dismissed for failure to state a claim upon which relief may be granted); Crosby v. Walsh, 03-CV-4897(ARR) (E.D.N.Y. Feb. 11, 2005) (dismissed for failure to state a claim on which relief may be granted); Miller v. County of Nassau, 00-CV-6124(JS)(WDW) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Menifee, 01-CV-8414 (MBM) (dismissed as frivolous); Miller v. U.S.A., 00-CV-2082 (TPG) (S.D.N.Y.) (dismissed for failure to state a claim upon which relief may be granted).

Moreover, Plaintiff does not allege any facts indicating that he faces "imminent danger of serious physical injury." Chavis v. Chappius, 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). When a court considers whether such a nexus exists, the court must consider: (1)

---

examine actual orders of dismissal.") (citing Thompson v. Drug Enforcement Admin., 492 F.3d 428, (D.C. Cir. 2007) (accepting docket reports indicating that prior dismissals satisfied at least one of the § 1915(g) criteria for a strike; Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[D]istrict court docket records may be sufficient to show that a prior dismissal . . . counts as a strike") (add'l citation omitted)).

whether the imminent danger alleged is fairly traceable to the unlawful conduct asserted in the complaint; and (2) whether a favorable judicial outcome would redress the injury. Id. at 298-99. The imminent harm must also exist at the time the complaint is filed. Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010).

Here, Plaintiff does not allege any facts that the Court can reasonably construe to support a finding that he was under imminent danger of serious injury at the time he filed this action. Rather, Plaintiff complains generally about the conditions at the Nassau County Jail. More specifically, Plaintiff alleges, inter alia, that: (1) the cleaning supplies provided to inmates at the jail are insufficient; (2) there are roaches and rodents and no schedule for "pest control"; (3) inadequate personal hygiene supplies are provided to inmates; (4) access to the law library is not sufficient; (5) commissary funds are misappropriated and the food sold at the commissary is unhealthy and high in fat, sugar and calories; (6) preferential treatment is given to inmates other than those who are Muslim in that Catholics are given Rosary beads but "Dhikr beads" are not given to Muslims and Jews are given Kosher meals but "Halal food" is not provided to Muslims; (7) food portions are small and there is no dietician or nutritionist on staff; (8) the medical staff allows correctional staff access to confidential medical files and often discuss inmates' medical issues in violation of HIPAA and other Federal and State

5

confidentiality laws; and (9) only the cheapest generic medication is provided to inmates.

Plaintiff also alleges that "N.C.C.C. has a long, rich history of abuse against inmates" and describes an event that occurred in 1998 relating to the death on an inmate, Pizzuto, following a beating. Compl. at page 10. Plaintiff complains generally that Jail staff "verbally and physically" abuse inmates but provides no facts to support that claim. Id.

Upon careful review of the Complaint, the Court finds no conduct alleged that rises to a level where an imminent danger of serious harm exists. Rather, Plaintiff complains generally about the conditions of the facility. To the extent that he complains that he has been the target of abuse, the allegations largely consists of name-calling by corrections officers and wholly absent are any allegations suggesting that, at the time the Complaint was filed, Plaintiff was in imminent danger of serious harm. See, e.g., Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); Saia v. Williams, No. 10-CV-0624(RNC), 2011 WL 3962269, *1 (D. Conn. Mar. 31, 2011) ("[A]llegations of past wrongs do not show an imminent danger existed when this action was brought."). Accordingly, given Plaintiff's long history of vexatious

litigation, and in the absence of any claim concerning a danger of imminent serious physical injury, Plaintiff is now barred from filing this case in forma pauperis and his application is thus DENIED.

## CONCLUSION

Accordingly, Plaintiff's application to proceed in forma pauperis is denied. **Plaintiff is directed to pay the Court's $350.00 filing fee within fourteen (14) days of the date of this Order, and his failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: September   21  , 2012
       Central Islip New York