```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIEL MILLER,

                        Plaintiff,
                                                MEMORANDUM & ORDER
            -against-                           12-CV-4159(JS)(WDW)

COUNTY OF NASSAU, MICHAEL SPOSATO,
Sheriff of Nassau County, C/O SAEED,
C/O KAROL, SARGEANT CAMINETTI, and
CORPORAL MACDEVITT,

                        Defendants.
----------------------------------------X
DANIEL MILLER,

                        Plaintiff,

            -against-                           12-CV-4378(JS)(WDW)

ALFRED E. SMITH, Commissioner of the
New York State Commission of
Corrections,

                        Defendant.
----------------------------------------X
DANIEL MILLER,

                        Plaintiff,

            -against-

COUNTY OF NASSAU, MICHAEL J. SPOSATO,
Sheriff, MICHAEL GOLIO, Captain, INV.           12-CV-4430(JS)(WDW)
GARCIA, INV. JANE DOE, INV. MORRIS,
INV. HENDERSON, INV. JOHN DOE, CORPORAL
JOHN DOE, CORPORAL MARCIANO, CORR.
OFFICER MURPHY, CORR. OFFICER MENDEZ,
CORR. OFFICER JOHN DOE #1, CORR. OFFICER
HUBER, CORR. OFFICER BAUER, CORR. OFFICER
JOHN DOE #2, CORR. OFFICER #3, CORR.
OFFICER #4, CORR. OFFICER DeMANITO, CORR.
OFFICER BARRETTI,

                        Defendants.
----------------------------------------X
```

```
------------------------------------X
```
DANIEL MILLER,

                              Plaintiff,
                                                    12-CV-4466(JS)(WDW)

    -against-

COUNTY OF NASSAU, MICHAEL SPOSATO,
Sheriff, ARMOR CORRECTIONAL HEALTH,
INC., DR. KAY, MD, Armor Corr.
Health, DR. OMANU, MD, Armor Corr.
Health, DR. VINCENT MANETTI, MD,
Armor Corr. Health, Inc., NURSING
ADMINSTRATOR HAILEY, Armor Corr.
Health, Inc., DR. SANTERELLI, DDS,
Armor Corr. Health, Inc.,

                              Defendants.
```
------------------------------------X
```
APPEARANCES
For Plaintiff:            Daniel Miller, pro se
                            12003565
                            Nassau County Correctional Center
                            100 Carman Avenue
                            East Meadow, NY 11554

For Defendants:
County Defendants         Pablo Fernandez, Esq.
in 12-CV-4466             Nassau County Attorney's Office
                            One West Street
                            Mineola, NY 11501

All other defendants     No appearances.

SEYBERT, District Judge:

       Pending before the Court is a single letter motion filed by pro se Plaintiff Daniel Miller ("Plaintiff"), seeking vacatur of the judgments of dismissal in case numbers 12-CV-4159, 12-CV-4378, 12-CV-4430, 12-CV-4466[1] pursuant to Rule 60(b) of the Federal

---

[1] The Court notes that this isn't a consolidated action. However,

Rules of Civil Procedure.  For the following reasons, Plaintiff's motion is DENIED.

BACKGROUND

Plaintiff commenced the above-captioned cases in August and September 2012 and simultaneously filed applications to proceed in forma pauperis.  The Court, however, in each case denied Plaintiff's applications to proceed in forma pauperis because he had more than "three strikes" under 28 U.S.C. § 1915(g) and had not alleged that he was under imminent danger of serious physical injury.  Plaintiff ultimately failed to pay the filing fee, and all four actions were dismissed in October 2012.  Plaintiff appealed case numbers 12-CV-4378 and 12-CV-4430, and the Second Circuit denied Plaintiff's appeals, stating that they "lack[ed] an arguable basis in law or fact."  (Case No. 12-CV-4378, Docket Entry 18; Case No. 12-CV-4430, Docket Entry 14.)

Plaintiff now seeks vacatur pursuant to Rule 60(b) on the grounds that he had only two "strikes"--not three.

DISCUSSION

I. Standard of Review

Rule 60(b)(1) of the Federal Rules of Civil Procedure[2]

---

as Plaintiff filed one motion to address the dismissal of all four actions, to conserve time and resources the Court is issuing only one Order.

[2] Although Plaintiff states that he is bringing this motion pursuant to Rule 60(b)(2) on the grounds of newly discovered

3

"permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (quoting FED. R. CIV. P. 60(b)(1)). The Second Circuit has interpreted "mistake" to include both errors of a party or his representatives, see Montco, Inc. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 759 (2d Cir. 1981), and mistakes of law or fact made by the district court, see Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.), 346 F.3d 31, 35 (2d Cir. 2003).

Although district courts have discretion in evaluating Rule 60(b) motions, relief under this provision is extraordinary and should be granted only in exceptional circumstances. See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."). Such a motion may not be used to repackage or relitigate arguments and issues already considered by the district court, see Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); cf. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances . . .

---

evidence, the proper subsection is subsection (1).

4

may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."), and the burden of proof is on the party seeking relief from judgment, see Int'l Bhd. of Teamsters, 247 F.3d at 391.

II. Discussion

The Court will address the judgments that Plaintiff appealed separately from the judgments that he did not appeal.

    A.    Case Numbers 12-CV-4378 and 12-CV-4430: The Judgments Affirmed by the Circuit

Under the "law of the case doctrine," "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (alteration in original) (internal quotation marks and citation omitted). "This 'mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate,'" Id. (quoting Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010)), or "of issues that fall within the scope of the judgment appealed from . . . but not raised," ResQNet.com, Inc. v. Lansa, Inc., 828 F. Supp. 2d 688, 696 (S.D.N.Y. 2011) (omission in original) (internal quotation marks and citations omitted); see also Fine v. Bellefonte

5

Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) ("Our previous ruling was the law of the case, and the district judge correctly found that it had no jurisdiction to review an appellate court's decision." (citation omitted)).

Here, the Circuit's summary order affirming this Court's Order dismissing Plaintiff's Complaints in case numbers 12-CV-4378 and 12-CV-4430 bars re-litigation of the issues decided therein. Accordingly, to the extent that Plaintiff seeks vacatur of the judgments in those cases, his motion is DENIED.

B. Case Numbers 12-CV-4159 and 12-CV-4466: Judgments that Were Not Appealed to the Circuit

Although the Circuit's mandate affirming the Court's decisions in case numbers 12-CV-4378 and 12-CV-4430 could arguably bar Plaintiff's arguments with respect to case numbers 12-CV-4159 and 12-CV-4466, the Court will nonetheless address the merits of his motion.

Section 1915(g) of Title 28 of the United States Code bars prisoners from proceeding in forma pauperis after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Here, the Court found that Plaintiff had six--not three--prior disqualifying actions:

> Miller v. County of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Carpinello, 06-CV-12940

6

>             (LAP), 2007 WL 4207282 (S.D.N.Y. Nov. 20,
>             2007) (dismissed for failure to state a claim
>             upon which relief may be granted); Crosby v.
>             Walsh, 03-CV-4897(ARR) (E.D.N.Y. Feb. 11,
>             2005) (dismissed for failure to state a claim
>             upon which relief may be granted); Miller v.
>             County of Nassau, 00-CV-6124 (JS)(WDW)
>             (dismissed for failure to state a claim upon
>             which relief may be granted); Miller v.
>             Menifee, 01-CV-8414 (MBM) (dismissed as
>             frivolous); Miller v. U.S.A., 00-CV-2082 (TPG)
>             (S.D.N.Y.) (dismissed for failure to state a
>             claim upon which relief may be granted).

(Order, Case Number 12-CV-4159, Docket Entry 18, at 4; Order, Case Number 12-CV-4466, Docket Entry 19, at 6.)

Plaintiff concedes that two of the above actions are disqualifying--Miller v. County of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006), and Miller v. County of Nassau, No. 00-CV-6124 (E.D.N.Y. Nov. 29, 2000)--and argues that the Court erred in finding that the other actions constitute "strikes" under 28 U.S.C. § 1915(g). Specifically, with respect to Miller v. U.S.A., No. 00-CV-2082 (S.D.N.Y. Mar. 17, 2000), Plaintiff argues that it was not filed while he was incarcerated, and, therefore, the "three strikes" rule did not apply. The Court disagrees.

Although Plaintiff is correct that Section 1915(g) only applies to actions commenced while incarcerated, the docket indicates that the only address provided by Plaintiff to the court in that case was a federal correctional facility--the Federal Correctional Institution in Otisville, P.O. Box 1000, Otisville, New York 10963--and the Second Circuit has held that district

7

courts may rely upon docket reports in determining whether a dismissal was a "strike" for the purpose of Section 1915(g), see Harris v. City of N.Y., 607 F.3d 18, 23-24 (2d Cir. 2010). Accordingly, the dismissal of Miller v. U.S.A. does constitute a "strike," and--given that Plaintiff has conceded two strikes--the Court need not address Plaintiff's arguments with respect to the other allegedly disqualifying actions.

Thus, finding that there are at least three disqualifying actions, the Court holds that it did not err in denying Plaintiff's applications for in forma pauperis status, and his motion is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the judgments in case numbers 12-CV-4159, 12-CV-4378, 12-CV-4430, 12-CV-4466 is DENIED.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 3, 2013
Central Islip, NY